**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MANJUNATH A. GOKARE, P.C., | : | |
| on behalf of itself and a class of | : | |
| all persons similarly situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | File No. _____ |
| v. | : | |
| | : | |
| FEDERAL EXPRESS | : | Class Action |
| CORPORATION, | : | Jury Trial Demanded |
| | : | |
| Defendant. | : | |

## <u>COMPLAINT</u>

## INTRODUCTION

1.      Federal Express Corporation ("FedEx Express") is a shipping company offering express package delivery services in the U.S. domestic market under the brand of its parent corporation, FedEx Corporation.  FedEx Express solicits U.S. domestic customers to enter into contracts for express delivery services by offering price terms that vary, in part, based upon the nature of the delivery destination.  FedEx Express offers deliveries to non-residential destinations at a lower base price, with surcharges applied if the destination is "a delivery to a home or private residence."  FedEx Express frequently charges and collects two distinct varieties of improper and unwarranted residential delivery surcharges from customers who contract with FedEx Express for delivery service to government offices, high-rise commercial office towers, and other buildings that are obviously not residential.  In exacting these overcharges, FedEx Express breaches its contracts with its U.S. domestic customers.  This action seeks to recover damages for breach of contract on behalf of one of those customers, Manjunath A. Gokare, P.C., and on behalf of a class of all persons similarly situated.

## PARTIES

2.      Plaintiff Manjunath A. Gokare, P.C. ("Gokare") is a Georgia law firm operating as a Georgia professional corporation.  Gokare's principal place of business is located in Alpharetta, Georgia.  Gokare's law practice focuses on immigration law.  Gokare has regularly contracted with FedEx Express for the delivery of time-sensitive immigration documents to various United States government buildings.  FedEx Express has frequently charged and collected improper and unwarranted residential delivery and delivery area-residential surcharges from Gokare in violation of the contract terms governing the pricing of these shipments.

3.      FedEx Express is a Delaware corporation with its principal place of business in Memphis, Tennessee.  FedEx Express is a wholly-owned subsidiary of parent FedEx Corporation and is operated to compete collectively and to be managed collaboratively with its sister corporations.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005.  The matter in controversy exceeds $5,000,000 exclusive of interests and costs, and Plaintiff and other members of the class are citizens of a state different from the Defendant.  *See* 28 U.S.C. § 1332(d).

5.      The Defendant is subject to personal jurisdiction in this district and division.

## VENUE

6.      Venue of this action is proper pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

7.      FedEx Express is the world's largest express transportation company.    For the fiscal year ending May 31, 2010, FedEx Express U.S. domestic operations averaged daily

shipment volume of 2.6 million.  For the fiscal year ending May 31, 2010, FedEx Express generated, on average, approximately $15 in revenue for each of those packages.

8.      FedEx Express augments its revenue by charging and collecting certain surcharges from its customers.

9.      One surcharge contemplated in the pricing terms offered by FedEx Express is a residential delivery charge, which the FedEx Service Guide defines as a per package fee for "a delivery to a home or a private residence."  During calendar year 2010, FedEx Express set its residential delivery surcharge at $2.50.  Effective January 3, 2011, FedEx Express unilaterally upped this residential delivery charge to $2.75.

10.     A second distinct revenue-augmenting surcharge FedEx Express charges and collects in certain circumstances is the residential delivery component of the delivery area surcharge.  The FedEx Service Guide defines the delivery area surcharge as a per package fee for "shipments destined to select U.S. ZIP codes" that FedEx Express deems more costly and inconvenient to service.  A list of these ZIP codes is available at fedex.com.  The universe of these area surcharge deliveries is further broken down into two categories: regular and extended. In each instance, the amount of the surcharge is increased if the shipment is a residential delivery.

11.     For calendar year 2010, the regular delivery area-commercial surcharge was $1.70.  For calendar year 2010, the regular delivery area-residential surcharge was $2.50 (i.e., $0.80 more than commercial).  Effective January 3, 2011, FedEx Express unilaterally upped the regular delivery area-commercial surcharge to $1.85.  Effective January 3, 2011, FedEx Express unilaterally upped the regular delivery area-residential surcharge to $2.75 (i.e., $0.90 more than commercial).

12. For calendar year 2010, the extended delivery area-commercial surcharge was $1.70. For calendar year 2010, the extended delivery area-residential surcharge was $2.75 (i.e., $1.05 more than commercial). Effective January 3, 2011, FedEx Express unilaterally upped the extended delivery area-commercial surcharge to $1.85. Effective January 3, 2011, FedEx Express unilaterally upped the extended delivery-area residential surcharge to $3.00 (i.e., $1.15 more than commercial).

13. The residential delivery and delivery area surcharges are cumulative. Thus, if a shipment is a residential delivery and is also "destined to select U.S. ZIP codes," the shipment is subject to both a residential delivery and a delivery area-residential surcharge.

14. FedEx Express employs three methods to classify whether a shipment is a residential delivery or a non-residential delivery:

(a) First, FedEx Express deems a shipment to be a residential delivery if the customer identifies it as a delivery to a residential address.

(b) Second, FedEx Express checks the recipient's address against a national database of addresses. This database indicates whether the address is a business address, residential address, or unknown. FedEx Express deems the shipment to be a residential delivery if the address is listed in the database as residential or unknown.

(c) Third, FedEx Express deems a shipment to be a residential delivery if its delivery person specifies that the destination is residential address.

15. If any of these methods indicate that the delivery destination is residential, FedEx Express imposes a residential delivery surcharge. If the same shipment is also "destined to select U.S. ZIP codes," FedEx Express also imposes a delivery area-residential surcharge.

16.     This methodology inevitably results in FedEx Express charging a significant volume of residential delivery and delivery area-residential surcharges for shipments to non-residential destinations.

17.     The database that FedEx Express uses is riddled with errors.  The database incorrectly identifies government offices, high-rise office towers, and other similar buildings as residential addresses, even though it is readily apparent to FedEx Express personnel that those buildings are not residential and the imposition of a residential delivery charge constitutes an overcharge.

18.     The database also classifies some addresses as unknown. By defaulting all such unknown addresses into the residential category for delivery pricing purposes, FedEx Express imposes a high volume of inaccurate residential delivery and delivery area-residential surcharges in violation of the pricing FedEx Express specifies in its contracts with its customers.

19.     FedEx Express delivery persons also provide tracking entries that contain a high and unbalanced error rate in misclassifying shipments to commercial destinations as residential deliveries.  For example, entries that state that a package was delivered to "receptionist/front desk," "shipping/receiving," "mailroom," or "guard/security station" all reflect the characteristics of a shipment to a commercial location and characteristics utterly inconsistent with a residential delivery.  Yet, even when these entries appear in the tracking information, FedEx Express often imposes unwarranted and improper residential and delivery area-residential surcharges on its customers.

20.     FedEx Express has chosen to conduct its business in a manner that results in frequent and repetitive overcharges exacted through the mechanisms of improper residential delivery surcharges and improper delivery area-residential surcharges on shipments from a

commercial point of origin to government offices, high-rise commercial office towers, and other shipping destinations that are obviously not residential. *See,* for example, Exhibits 1, 2, 3, 4, 5, and 6.

21.     For example, on February 26, 2010, Gokare entered into a contract with FedEx Express to ship time-sensitive immigration documents to the United States Citizen and Immigration Services ("USCIS") processing center in Saint Albans, Vermont. The recipient's address was listed as:

> Premium Processing Service
> USCIS – Vermont Service Center
> 30 HOUGHTON ST
> SAINT ALBANS VT 05478 US

*See* Exhibit 7.

22.     The address, on its face, is not residential. It is an office of the United States government. Nevertheless, by invoice dated March 9, 2010, FedEx Express unilaterally imposed both a residential surcharge ($2.50) and a delivery area-residential surcharge (an additional $2.50) on the price of this particular delivery. *See id.*

23.     A Gokare employee discovered the overcharges in connection with the February 26, 2010 shipment. On March 16, 2010, the Gokare employee contacted FedEx Express in compliance with the FedEx Service Guide: FedEx Express Terms and Conditions (U.S. Shipments), Billing § L(7)(d), to correct the billing error, to demand reversal of the improper residential delivery surcharge and the improper delivery area-residential surcharge, and to correct the classification of the USCIS Service Center in St. Albans, Vermont on future shipments.

24.     The FedEx call-center representative refunded the residential delivery surcharge but refused to adjust the delivery area-residential surcharge ($2.50) to a delivery area-commercial surcharge ($1.70).

25.     On March 11, 2010, Gokare again entered into a contract with FedEx Express to ship time-sensitive immigration documents to the USCIS Processing Center in Saint Albans. *See* Exhibit 8.

26.     This address, on its face, is not residential.  It is an office of the United States government.  Nevertheless, by invoice dated March 16, 2010, FedEx Express unilaterally imposed both a residential surcharge ($2.50) and a delivery area-residential surcharge (an additional $2.50) on the price of this particular delivery.  *See id.*

27.     A Gokare employee discovered the overcharges in connection the March 11, 2010 shipment.  On March 22, 2010, the Gokare employee contacted FedEx Express in compliance with the FedEx Service Guide: FedEx Express Terms and Conditions (U.S. Shipments), Billing § L(7)(d), to correct the billing error, to demand reversal of the improper residential delivery surcharges, and to correct the classification of the USCIS Service Center in St. Albans, Vermont on future shipments.

28.     On this occasion, FedEx's call-center representative insisted that FedEx Express's overcharges were "valid" and refused to refund or adjust either of the improper and unwarranted surcharges.  Gokare's employee then asked to speak with a supervisor and was connected to a "manager" named "Susan".  FedEx's call-center supervisor insisted that both the residential surcharge and the delivery-area residential surcharge relating to the March 11, 2010 shipment invoiced on March 16, 2010 were "valid" and that no adjustment would be forthcoming.

29.     Plaintiff has, with respect to its shipments of February 26, 2010 (invoiced March 9, 2010) and March 11, 2010 (invoiced March 16, 2010), fully complied with the FedEx Service Guide regarding notice and presentment of claims with respect to these residential delivery and delivery-area residential overcharges.

30.     As a result of Defendant's violations of its contracts with Plaintiff specified above and its wrongful denial of Gokare's timely efforts to seek appropriate adjustments, Plaintiff has been damaged by an amount of no less than $4.10.

## CLASS ALLEGATIONS

31.     Plaintiff brings this action on behalf of itself and members of the following class: All persons who, during the period commencing February 18, 2010 and continuing until resolution of this action, purchased FedEx Express package delivery services in the U.S. domestic market, and who were charged and paid a residential delivery surcharge or a delivery area-residential surcharge (or both), for any delivery that was not destined to a home or private residence.  The class excludes Defendant, its affiliates, and class counsel.

32.     This class action is brought pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because issues of law and fact common to class members predominate over any questions affecting only individual members.  Given the extraordinarily high volume of contract claims generated by Defendant's repetitive imposition of improper and unwarranted surcharges in which the stakes are generally less than $5 for each contract breached, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Indeed, a class action is the only practicable vehicle for securing a remedy for Defendant's numerous breaches of contracts with its customers.

33.     Moreover, this case is appropriate for class treatment because the class of customers who have been overcharged on their contracts for shipment to non-residential destinations is so numerous that joinder of all members is impracticable, questions of law and fact are common to the class, the claims and defenses of the parties will be typical of the claims

and defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

34.    Questions of law and fact common to the class include the following:

(a)    whether Defendant's charging and collection of residential delivery or delivery area-residential surcharges (or both) from customers who contracted for the shipment of packages to a non-residential destination constitutes a breach of contract;

(b)    whether Defendant employs a database of addresses to impose residential delivery charges;

(c)    whether the database contains errors adverse to Defendant's customers;

(d)    whether Defendant imposes and collects a residential surcharge for addresses that are classified in the database as unknown;

(e)    whether Defendant use specifications from tracking entries made by delivery persons to charge and collect improper and unwarranted residential delivery charges, even when the tracking entries establish characteristics of a commercial rather than a residential destination;

(f)    whether Defendant conducts its business relating to the distinction between residential and commercial deliveries in a manner which results in the application of frequent and repetitive overcharges in violation of the Defendant's contracts with class members;

      (g)     whether Defendant conduct its business relating to the

residential delivery overcharges in a manner which insulates

it from accountability for breaches of its contracts

with class members; and

      (h)     whether certain terms and conditions contained in the FedEx Service

Guide, including purported restrictions on whether any customer can ever

seek redress for breach of contract on a classwide basis, are

unconscionable and, therefore, unenforceable.

35.     The contract claims of Plaintiff are typical of the contract claims of the class. Plaintiff is a member of the class, and its experience with the Defendant is representative of the experience of class members in general.

36.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff is committed to obtaining just relief for all class members and has retained counsel with experience in breach of contract and class action litigation.

37.     A class action is manageable because the facts relating to the size of the class, the identity of class members, the systemic and formulaic nature of the Defendant's conduct in overcharging class members by misapplying residential delivery surcharges to commercial shipments, and the extent of damages inflicted on the class through Defendant's improper and unwarranted misclassification of commercial shipments as residential deliveries can be readily established through business records maintained for the benefit of the Defendant and its publicly-traded reporting parent company in the control of Defendant.

38.     In the absence of class treatment, the class of FedEx Express customers, whose **daily** package delivery volume exceeds 2.6 million, will be deprived of any effective remedy for

Defendant's imposition of frequent and repetitive overcharges in violation of their contracts for the shipments of packages to non-residential destinations, resulting in aggregate contract damages to the class of FedEx Express customers far in excess of $5,000,000.

## CLAIM FOR RELIEF

39.     Plaintiff and all class members entered into valid contracts with the Defendant for the shipment of time-sensitive packages.  As part of each agreement, Defendant agreed that it would neither impose nor collect any residential delivery surcharge or any delivery area-residential surcharge except in those instances where Defendant made "a delivery to a home or a private residence."

40.     Defendant breached its contracts in every instance where it imposed and collected residential delivery and delivery area-residential surcharges on deliveries that were not to a home or private residence.

41.     By breaching its agreements, Defendant has caused the Plaintiff and each class member to suffer damages.

## RELIEF SOUGHT

42.     Plaintiff respectfully asks that this Court:

(a)     certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)     conduct a jury trial on all issues so triable;

(c)     award Plaintiff and the class damages, together with interest and costs; and

(d)     order any other relief it deems appropriate.

Respectfully submitted this 18th day of February, 2011,

s/ William F. Burns
William F. Burns (Tenn. Bar No. 17908)
Frank L. Watson, III (Tenn. Bar No. 15073)
Watson Burns, PLLC
253 Adams Ave
Memphis, TN 38103
Tel: 901-529-7996
bburns@watsonburns.com
fwatson@watsonburns.com

OF COUNSEL:
Jeffrey O. Bramlett
GA Bar Number: 075780
bramlett@bmelaw.com
Robert L. Ashe, III
GA Bar Number: 208077
ashe@bmelaw.com
Naveen Ramachandrappa
GA Bar Number: 422036
ramachandrappa@bmelaw.com
Bondurant, Mixson & Elmore, LLP
1201 W Peachtree St NW Ste 3900
Atlanta, GA 30309
Tel: 404-881-4100

Salu K. Kunnatha
GA Bar Number: 430321
skk@kunnathalaw.com
Kunnatha Law Firm, PC
2970 Clairmont Rd Ste 905
Atlanta, GA 30329
Tel: 404-633-4200

*ATTORNEYS FOR MANJUNATH A. GOKARE, P.C.*

EXHIBIT

1

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| | May 19, 2009 | | 13 of 23 |

Picked up: May 01, 2009   Cust. Ref.:   Ref.#2:
or Shipper   Ref.#3:
- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1639.34
- Distance Based Pricing, Zone 4

| | | | |
|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** |
| Tracking ID | 796571656608 | | |
| Service Type | FedEx Standard Overnight | | Madison Dearborn Partners, LLC |
| Package Type | FedEx Envelope | | 3 FIRST NATIONAL PLZ STE 4600 |
| Zone | 04 | | CHICAGO IL 60602 US |
| Packages | 1 | | |
| Rated Weight | N/A | | |
| Delivered | May 04, 2009 14:40 | | |
| Svc Area | A1 | | |
| Signed by | P.FLUHLER | | |
| FedEx Use | 000000000/0000222/_ | | |

| | |
|---|---|
| Transportation Charge | 19.95 |
| Earned Discount | -6.78 |
| Residential Delivery | 2.40 |
| Automation Bonus Discount | -2.00 |
| **Total Charge**     USD | **$13.57** |

000227 7/12

E
X
H
I
B
I
T

2



| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| ▮▮▮▮▮ | Jun 16, 2009 | ▮▮▮▮▮ | 4 of 31 |

## x Express Shipment Detail By Payor Type (Original)



Picked up: May 15, 2009                Cust. Ref.▮            Ref.#2:
Payor: Shipper                         Ref.#3:

* The Earned Discount for this ship date has been calculated based on a revenue threshold of $1639.34
* Distance Based Pricing, Zone 4
* 1st attempt May 18, 2009 at 09:25 AM.

| | | Sender | Recipient | |
|---|---|---|---|---|
| Automation | INET | | Attorney General Eric Holder | |
| Tracking ID | 797599856966 | | U.S. Department of Justice | |
| Service Type | FedEx Standard Overnight | | 950 PENNSULVANIA AVE NW | |
| Package Type | FedEx Envelope | | WASHINGTON DC 20530 US | |
| Zone | 04 | | | |
| Packages | 1 | | | |
| Rated Weight | N/A | Transportation Charge | | 19.95 |
| Delivered | May 18, 2009 09:57 | Residential Delivery | | 2.40 |
| Svc Area | A2 | Earned Discount | | -6.78 |
| Signed by | M.PARRIS | Automation Bonus Discount | | -2.00 |
| FedEx Use | 000000000/0000222/_ | Total Charge | USD | $13.57 |

EXHIBIT

3



| | | Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|---|---|
| | | | Jun 16, 2009 | | 7 of 31 |

ped off: May 19, 2009      Cust. Ref:                          Ref.#2:
r: Shipper                   Ref.#3:
• The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1639.34
• Distance Based Pricing, Zone 2

| Automation | INET | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 797605207283 | | Thurbert Baker | |
| Service Type | FedEx Standard Overnight | | Attorney General of Georgia | |
| Package Type | FedEx Box | | 40 CAPITOL SQ SW | |
| Zone | 02 | | ATLANTA GA 30334 US | |
| Packages | 1 | | | |
| Rated Weight | 1.0 lbs, 0.5 kgs | Transportation Charge | | 16.19 |
| Delivered | May 19, 2009 13:09 | Residential Delivery | | 2.40 |
| Svc Area | A1 | Automation Bonus Discount | | -1.81 |
| Signed by | A.BRITT | Earned Discount | | -4.35 |
| FedEx Use | 000000000/0001283/_ | **Total Charge** | **USD** | **$12.54** |

E
X
H
I
B
I
T

4

**FedEx.**

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| | Jun 16, 2009 | | 15 of 31 |

Picked up: Jun 03, 2009    Cust. Ref:    Ref #2:
Payor: Shipper    Ref #3:

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $1817.81
- Fuel Surcharge – FedEx has applied a fuel surcharge of 1.00% to this shipment.
- Distance Based Pricing, Zone 2

| | | | |
|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** |
| Tracking ID | 796661643996 | | Jay C. Stephenson, Clerk |
| Service Type | FedEx Standard Overnight | | Superior Court of Cobb County |
| Package Type | FedEx Envelope | | 32 WADDELL ST BLDG D1 |
| Zone | 02 | | MARIETTA GA 30090 US |
| Packages | 1 | | |
| Rated Weight | N/A | Transportation Charge | 13.95 |
| Delivered | Jun 04, 2009 10:15 | Automation Bonus Discount | -1.40 |
| Svc Area | A2 | Earned Discount | -4.74 |
| Signed by | S.RAYMONE | Fuel Surcharge | 0.10 |
| FedEx Use | 000000000/0000200/_ | Residential Delivery | 2.40 |
| | | Total Charge    USD | $10.31 |

EXHIBIT

5



| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| ▅▅▅▅ | Jul 21, 2009 | ▅▅▅▅ | 22 of 26 |

Picked up: Jul 08, 2009
Payor: Shipper

Cust. Ref: ▅▅▅
Ref.#3:

Ref.#2:

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $2471.60
- Fuel Surcharge - FedEx has applied a fuel surcharge of 2.50% to this shipment.
- Distance Based Pricing, Zone 5
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
- The package weight exceeds the maximum for the packaging type, therefore, FedEx Pak was rated as Customer Packaging.

| | | Sender | Recipient |
|---|---|---|---|
| Automation | INET | | |
| Tracking ID | 797746086454 | | Int'l Centre for Dispute Resol |
| Service Type | FedEx Standard Overnight | | 1633 Broadway Fl 10 |
| Package Type | Customer Packaging | | NEW YORK CITY NY 10019 US |
| Zone | 05 | | |
| Packages | 1 | | |
| Rated Weight | 5.0 lbs, 2.3 kgs | | |
| Delivered | Jul 09, 2009 09:41 | | |
| Svc Area | A1 | | |
| Signed by | K.LENTIAN | | |
| FedEx Use | 000000000/0001349/_ | | |

| | | |
|---|---|---|
| Transportation Charge | | 45.35 |
| Earned Discount | | -13.61 |
| Automation Bonus Discount | | -4.54 |
| Residential Delivery | | 2.40 |
| Fuel Surcharge | | 0.74 |
| **Total Charge** | USD | $30.34 |

EXHIBIT

6



| | | Invoice Number | | Invoice Date | Account Number | | Page |
|---|---|---|---|---|---|---|---|
| | | | | Nov 17, 2009 | | | 16 of 22 |

ed off: Nov 05, 2009
r: Shipper

Cust. Ref.:
Ref.#3:

Ref.#2:

* Fuel Surcharge - FedEx has applied a fuel surcharge of 8.00% to this shipment.
* The Earned Discount for this ship date has been calculated based on a revenue threshold of $2299.91
* Distance Based Pricing, Zone 2

| Automation | INET | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 796098038708 | | | |
| Service Type | FedEx Priority Overnight | | United States Attorney's Offic | |
| Package Type | FedEx Envelope | | 75 SPRING ST SW STE 600 | |
| Zone | 02 | | ATLANTA GA 30303 US | |
| Packages | 1 | | | |
| Rated Weight | N/A | Transportation Charge | | 16.15 |
| Delivered | Nov 06, 2009 09:09 | Residential Delivery | | 2.40 |
| Svc Area | A1 | Automation Bonus Discount | | -1.62 |
| Signed by | P.BOWDEN | Fuel Surcharge | | 0.67 |
| FedEx Use | 000000000/0000186/_ | Earned Discount | | -5.81 |
| | | **Total Charge** | **USD** | **$11.79** |

Continued on next page

E

X

H

I

B

I

T


7



| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 7-015-38695 | Mar 09, 2010 | 2470-6125-8 | 3 of 3 |

## FedEx Express Shipment Detail By Payor Type (Original)

**Dropped off: Feb 26, 2010**   **Cust. Ref: L-1A/ L-2-StarPet/ Muthu**   **Ref.#2:**
**Payor: Shipper**   **Ref.#3:**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 6.50% to this shipment.
- The delivery commitment for FedEx 2Day to residences (including home offices) is 7 P.M. the second business day for A1, A2, AA, A3, A4, A5, A6, AM, PM, and RM service areas.
- Distance Based Pricing, Zone 5
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
- The package weight exceeds the maximum for the packaging type, therefore, FedEx Pak was rated as Customer Packaging.

| | | | |
|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** |
| Tracking ID | 799427149157 | Manjunath A. Gokare | Premium Processing Service |
| Service Type | FedEx 2Day | Law Office of Manjunath Gokare | USCIS - Vermont Service Center |
| Package Type | Customer Packaging | 11545 Park Woods Circle | 30 HOUGHTON ST |
| Zone | 05 | ALPHARETTA GA 30005 US | SAINT ALBANS VT 05478 US |
| Packages | 1 | | |
| Rated Weight | 5.0 lbs, 2.3 kgs | Transportation Charge | 19.70 |
| Delivered | Mar 01, 2010 10:31 | DAS Resi | 2.50 |
| Svc Area | AM | Fuel Surcharge | 1.40 |
| Signed by | A.STANLEY | Residential Delivery | 2.50 |
| FedEx Use | 000000000/0006046/_ | Discount | -0.99 |
| | | Automation Bonus Discount | -0.99 |
| | | **Total Charge**        USD | **$24.20** |

*(handwritten) adjusted $2.50 Paid; was told that actual address is 30 Houghton st*

**Dropped off: Mar 02, 2010**   **Cust. Ref: I-129R-SriLakshmi/Lakshmi**   **Ref.#2:**
**Payor: Shipper**   **Ref.#3:**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 7.50% to this shipment.
- Distance Based Pricing, Zone 8
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
- The package weight exceeds the maximum for the packaging type, therefore, FedEx Envelope was rated as FedEx Pak.

| | | | |
|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** |
| Tracking ID | 793315442884 | Manjunath A. Gokare | CSC- Attn: I-129R |
| Service Type | FedEx 2Day | Law Office of Manjunath Gokare | USCIS |
| Package Type | FedEx Pak | 11545 Park Woods Circle | 24000 AVILA RD RM 2312 |
| Zone | 08 | ALPHARETTA GA 30005 US | LAGUNA NIGUEL CA 92677 US |
| Packages | 1 | | |
| Rated Weight | 2.0 lbs, 0.9 kgs | Transportation Charge | 20.35 |
| Delivered | Mar 04, 2010 10:23 | Automation Bonus Discount | -1.02 |
| Svc Area | A2 | Fuel Surcharge | 1.37 |
| Signed by | G.NGUYEN | Discount | -1.02 |
| FedEx Use | 000000000/0006112/_ | **Total Charge**        USD | **$19.68** |

| | | |
|---|---|---|
| **Shipper Subtotal** | **USD** | **$43.88** |
| **Total FedEx Express** | **USD** | **$43.88** |

*(handwritten) 3/16/10   only waived $2.50 - Resi. Delivery   DAS Resi → not waived.*

011236 2/2

E
X
H
I
B
I
T

8



| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 7-023-56374 | Mar 16, 2010 | 2470-6125-8 | 3 of 3 |

## FedEx Express Shipment Detail By Payor Type (Original)

**Dropped off: Mar 09, 2010**
**Payor: Shipper**

Cust. Ref.: H-1B COR-Broadscapes-Ash    Ref.#2:
Ref.#3:

* Fuel Surcharge - FedEx has applied a fuel surcharge of 7.50% to this shipment.
* Distance Based Pricing, Zone 5
* FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
* The package weight exceeds the maximum for the packaging type, therefore, FedEx Envelope was rated as FedEx Pak.

| | | | |
|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** |
| Tracking ID | 798457610705 | Manjunath A. Gokare | Attn: I-129H |
| Service Type | FedEx 2Day | Law Office of Manjunath Gokare | USCIS - Vermont Service Center |
| Package Type | FedEx Pak | 11545 Park Woods Circle | 75 LOWER WELDEN ST |
| Zone | 05 | ALPHARETTA GA 30005 US | ST ALBANS VT 05479 US |
| Packages | 1 | | |
| Rated Weight | 2.0 lbs, 0.9 kgs | | |
| Delivered | Mar 11, 2010 11:51 | **Transportation Charge** | 13.85 |
| Svc Area | AM | Discount | -0.69 |
| Signed by | A.STANLEY | Automation Bonus Discount | -0.69 |
| FedEx Use | 000000000/0006046/_ | Fuel Surcharge | 0.94 |
| | | **Total Charge** | **USD** 13.41 |

**Dropped off: Mar 11, 2010**
**Payor: Shipper**

Cust. Ref.: H-1B Amend-Netserv-Divya    Ref.#2:
Ref.#3:

* Fuel Surcharge - FedEx has applied a fuel surcharge of 7.50% to this shipment.
* Distance Based Pricing, Zone 5

| | | | |
|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** |
| Tracking ID | 793344657238 | Manjunath A. Gokare | Premium Processing Service |
| Service Type | FedEx Standard Overnight | Law Office of Manjunath Gokare | USCIS - Vermont Service Center |
| Package Type | FedEx Pak | 11545 Park Woods Circle | 30 HOUGHTON ST |
| Zone | 05 | ALPHARETTA GA 30005 US | SAINT ALBANS VT 05478 US |
| Packages | 1 | | |
| Rated Weight | 1.0 lbs, 0.5 kgs | | |
| Delivered | Mar 12, 2010 11:01 | **Transportation Charge** | 33.55 |
| Svc Area | AM | Automation Bonus Discount | -1.68 |
| Signed by | A.STANLEY | Discount | -1.68 |
| FedEx Use | 000000000/0001349/_ | UAS Resi | 2.50 |
| | | Fuel Surcharge | 2.64 |
| | | Residential Delivery | -2.50 |
| | | **Total Charge** | **USD** 37.83 |

| | | |
|---|---|---|
| **Shipper Subtotal** | **USD** | **$51.24** |
| **Total FedEx Express** | **USD** | **$51.24** |

*3/22/10 spoke with Supervisor Susan (manager)*

*Refused to waive Residential Delivery Charge.*

*overpaid $5.00*

*was told that although it is in a business area of residential charges are as such valid!*

*→ was told to go to local post office & get it changed there!*

*$51.24*

*Conf #: 510 434528*