IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MANJUNATH A. GOKARE, P.C.,
on behalf of itself and a class of
all persons similarly situated,

                Plaintiff,

v.

                                                  Case No. 2:11-cv-02131-SHM-cgc

FEDERAL EXPRESS CORPORATION,

                Defendant.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL

      Before the Court is Defendant Federal Express Corporation's ("FedEx") Motion to Compel disclosure of the identity of Plaintiff Manjunath A. Gokare, P.C.'s ("Plaintiff") Rule 26(b)(4)(D) expert and responses to certain interrogatories. (Docket Entry "D.E."#93). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for determination. (D.E. # 97). For the reasons set forth herein, Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART.

      **I. Introduction**

      On February 18, 2011, Plaintiff filed a Complaint seeking damages from FedEx for breach of contract on behalf of Plaintiff and all persons similarly situated. (D.E. # 1). FedEx requested that Plaintiff identify the sources of the allegations in its Complaint, and Plaintiff informed FedEx that the source of some of its allegations was a person (hereinafter "unidentified witness") that it

had hired who had knowledge of FedEx's business practices and the general business environment for express shipping. Plaintiff refused to identify the unidentified witness and refused discovery related the confidential individual on the ground that the unidentified witness is protected from discovery under Rule 26(b)(4)(D). Shortly after, FedEx filed this Motion to Compel. (D.E. # 93).

## II.  Analysis

First, the Court must consider whether Plaintiff is entitled to conceal the identity of an individual that provided factual substantiation to the Complaint. Rule 26(a) of the Federal Rules of Civil Procedure provides that a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . ." Fed. R. Civ. P. 26(a). Rule 26(b)(1) allows discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

Although the Sixth Circuit does not appear to have had occasion to address the issue of whether a witness that provided factual substantiation to a complaint may be concealed, at least one District Court within the Sixth Circuit has opined on the question before the Court. *See Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-00819-EAS-TPK, 2008 WL 821059 (S.D.Ohio Mar. 24, 2008). The *Ross* court determined that the names of witnesses who "have knowledge of facts relevant to a claim or defense . . . are clearly within the scope of permissible discovery and must be revealed." *Id.* at *1 (quoting *Brody v. Zix Corp.*, 2007 WL 1544638, at *2 (N.D.Tex. May 25, 2007)).[1] The *Ross* court reasoned that such a holding is "hardly controversial." 2008 WL 821059, at *1.

---

[1] In *Ross*, the parties did not filed objections to the United States Magistrate Judge's Order. In *Brody*, Lead Plaintiffs did object to the United States Magistrate Judge's Order, but the objections were denied by the District Court in a September 26, 2007 Order.

Although the *Ross* court determined that the issue in that case was more complex, the *Brody* court which it relied upon squarely faced the issue of an attempt to prevent the disclosure of the identity of witnesses that provided factual allegations in the Complaint. The court concluded that plaintiffs "cannot avoid their disclosure obligations under the federal rules by characterizing these witnesses, who unquestionably have knowledge of relevant facts, as 'confidential sources.'" 2007 WL 1544638, at *2. The *Brody* court found that public policy considerations likewise do not prevent defendant from disclosing the identities of the witnesses, even if they allege that the witnesses could fact "serious consequences." *Id.* The court held that such a "conclusory assertion does not come close to establishing a genuine risk of retaliation." *Id.* The court further determined that, even if the plaintiffs do not plan to use their confidential source beyond the pleading stage, which "may or may not be the case," the sources unquestionably have knowledge of facts relevant to a claim or defense, as evidenced by statements attributed to them in plaintiffs' complaint." and, thus, the "names of these witnesses are clearly within the scope of permissible discovery and must be revealed." *Id.* This Court finds the reasoning in *Ross* and *Brody* to be highly persuasive.

However, this case presents one additional complexity that the Court must consider. Plaintiff alleges that its designation of the unidentified witness as a Rule 26(b)(4)(D) expert shields his identity from discovery. However, as Defendant correctly points out, Rule 26(b)(4)D) of the Federal Rules of Civil Procedure merely limits the discovery of the "facts known or opinions held" by an expert unless exceptional circumstances are present. Rule 26(b)(4)(D) does not bar the disclosure of a the identity of a witness, and it does not negate the requirements under Rule

3

26(a)(1) and Rule 26(b)(1) that the identity of an individual that provides factual allegations in the complaint must be provided.[2]

The only remaining question for the Court is whether Plaintiff must respond to Defendant's First and Second Sets of Interrogatories. Specifically, Defendant argues that Plaintiff should respond to Interrogatories 2, 11, 12, 13, 14, 15, 16, 17 of the First Set and Interrogatories 1 and 2 of the Second Set. The *Ross* and *Brody* courts also dealt with this issue. In *Brody*, the court explained that "[m]any of the discovery requests seek information and documents that go beyond merely identifying confidential sources." 2007 WL 1544638, at *2 n.4. The Court said it would not "suggest a view as to whether some or all of the information and documents in these other discovery requests, as phrased, may be entitled to work product protection," as those issues were not briefed before the Court because the plaintiffs had "elected to focus their argument on protecting the *identity* of their confidential sources." *Id.* The *Brody* court did consider a few limited disputes regarding interrogatories and requests for production, however, that had been briefed by the parties. The Court analyzed them under Rule 26 without any special consideration for the previous dispute regarding whether the identity of the witness must be disclosed.

---

[2] The Court need not determine whether the unidentified witness shall or shall not be deemed an expert witness, a fact witness, or a dual fact/expert witness for purposes of this motion. Under the Federal Rules of Civil Procedure, it is sufficient for this Court's determination that the unidentified witness provided allegations in the Complaint.

In *Ross*, the court faced a much more unique issue—namely, whether the plaintiffs were required to disclose (1) which persons were interviewed while the party was drafting the pleading, and (2) which persons provided the information underlying specific paragraphs or subparagraphs of that pleading. The opponents objected on grounds of attorney work-product protection, which the Court found to be meritorious.

Upon review of the Interrogatories posed in the instant case, the Court finds that Interrogatory 2 of the First Set and Interrogatories 1 and 2 of the Second Set request general information. Namely, these requests as follows: (1) all persons who have knowledge concerning the allegations in the complaint and the substance of the knowledge; (2) the identity, name, address, and telephone number of all Rule 26(b)(4)(D) experts; and (3) the dates the expert was first consulted, formally retained, or specially employed. This information is discoverable pursuant to Rule 26.

With respect to Interrogatories 11-17 of the First Set, Plaintiff has objected on the grounds that these requests contain attorney work product. Consistent with *Ross*, the Court finds that a request for which individuals' were interviewed while preparing the pleadings or which individuals provided information underlying specific paragraphs of the pleading should not be permitted on grounds of work product.    2008 WL 821059, at *2.

### III. Conclusion

For the reasons set forth herein, Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART. Plaintiff is ORDERED to supplement its Rule 26(a)(1) disclosures to provide the identity of the unidentified witness. Plaintiff is ORDERED to respond to Interrogatory 2 of the First Set and Interrogatories 1 and 2 of the Second Set. Plaintiff shall not be required to respond to Interrogatories 11-17 of the First Set.

**IT IS SO ORDERED** this 1st day of August, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE