IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MANJUNATH A. GOKARE, P.C., and GOLDSTEIN, BORGEN, DARDARIAN & HO, P.C., on behalf of themselves and a class of all persons similarly situated, : : : : : | |
| Plaintiffs,                                 : : | Civil Action No. 2:11-CV-2131-JTF-CGC |
| v.                                          : : | |
| FEDERAL EXPRESS CORPORATION and FEDEX CORPORATE SERVICES INC.,  : : : | Class Action |
| Defendants.                           : | |

## ORDER

Plaintiffs Manjunath A. Gokare, P.C. ("Gokare"), and Goldstein, Borgen, Dardarian & Ho, P.C. ("Goldstein") (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class defined below, and Defendants Federal Express Corporation and FedEx Corporate Services, Inc. (collectively "FedEx") have entered into a proposed Settlement Agreement dated July 26, 2013 (the "Settlement").  The parties reached the Settlement through arms-length negotiations with the assistance of Michael Dickstein, an experienced and well-respected mediator.  Under the Settlement, subject to the terms and conditions set forth therein and subject to Court approval, FedEx has agreed to implement prospective relief regarding residential delivery fee practices and provide monetary benefits to the proposed Settlement Class, as well as pay approved attorneys' fees, costs, and incentive awards and the costs of settlement administration, in exchange for Plaintiffs' and the proposed Settlement Class Members' agreement to fully, finally, and forever resolve, discharge and release the claims set forth in the Settlement Agreement.

1113189.1

Plaintiffs have filed a Motion for Preliminary Approval of Settlement (the "Motion"), to which the Settlement Agreement is attached as Exhibit A.  FedEx does not oppose the Motion.  Having reviewed the Motion, the Settlement Agreement, the pleadings and other papers on file in this action, the Court finds that the Motion for Preliminary Approval of Settlement should be **GRANTED** and that this Order should be entered.

As set forth below, the Court will consider final approval of the Settlement at a hearing held on November 22, 2013 ("Final Approval Hearing").  The Court will rule on Settlement Class Counsel's specific request for an award of attorneys' fees, expenses, and incentive awards for the Named Plaintiffs at or after the Final Approval Hearing.  Defined terms in this Order shall have the same meaning as they have in the Settlement Agreement.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**1.     Preliminary Approval.**  The Court grants preliminary approval of the Settlement.  The Court finds, for purposes of determining whether to grant preliminary approval, that the Settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  In making this preliminary evaluation, the Court has considered, *inter alia*, the risk of fraud or collusion; the complexity, expense and likely duration of the litigation; the amount of discovery engaged in by the parties; the likelihood of success on the merits; the opinions of class counsel and class representatives; and the public interest.  *Int'l Union, United Automobile, Aerospace, & Agricultural Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).  The Court will consider the reaction of absent class members after the objection and opt out deadlines set forth below.  On preliminary evaluation, the Settlement does not disclose grounds to doubt its fairness or other deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and falls

within the range of possible approval. *In re Inter-Op Hip Prosthesis Liability Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001).

2.   **Settlement Class Certification and Definition.**  Pursuant to Fed. R. Civ. P. 23(b)(3), for purposes of settlement only, the Court preliminarily certifies a Settlement Class defined as follows:

> All FedEx National Account holders or Nine Digit Account holders who paid a Residential Delivery Charge, Delivery Area Residential Surcharge, Extended Delivery Area Surcharge, or Fuel Surcharge Component, between August 28, 2008 and July 13, 2011, for one or more Settlement Shipments[1] and did not receive a full refund of those charges.  The Settlement Class does not include:  judicial officers of the United States; FedEx's parent, subsidiaries, and affiliated companies, or their officers, directors, and employees; Class Counsel; or persons or entities who exclude themselves from the Class ("opt out") in accordance with the procedures set forth in the Settlement.

For purposes of this Order, persons and entities who meet the foregoing class definition are referred to as "Settlement Class Members."

For purposes of settlement only, the Court finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied by Plaintiffs and the Settlement Class.  There are hundreds of thousands of Settlement Class Members such that joinder of them all is impracticable. There are questions of law and fact common to the Class, including, but not limited to, whether FedEx breached the terms of its contracts with Settlement Class Members and whether FedEx participated in a RICO enterprise and engaged in a pattern of

---

[1] "Settlement Shipments" are shipments that are identified by a single FedEx tracking number in FedEx's Shipping Data that have an "N" in the Courier_Indicated_Resi field.  "Settlement Shipments" do not, however, include:  (1) shipments to addresses that have "APT" or "apartment" in the address or that contain the same street address as another address in the Shipping Data that has "APT" or "apartment" in it; (2) shipments that were charged a Residential Delivery Charge, Delivery Area Residential Surcharge, Extended Delivery Area Residential Surcharge or Fuel Surcharge Component, but for which, according to FedEx's Shipping Data, such charges were not paid; (3) shipments for which a Class Member received a full refund of all shipping charges during the Class Period; and (4) shipments sent by a person or entity excluded from the Settlement Class.  Settlement Agreement at I(JJ).

racketeering activity. The claims of the Named Plaintiffs are typical of the claims of the Settlement Class as the Named Plaintiffs and the Settlement Class Members allege that they were charged residential delivery fees for deliveries to non-residential locations. The Named Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class, as demonstrated by their conduct to date. Under the specific facts of this case, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, such as individual lawsuits.

3.   **Purpose of Settlement Class Certification.**  Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event the Settlement does not receive Final Approval or otherwise does not take effect. In the event the Settlement does not receive final approval, or for any reason a Final Approval Order or Judgment as contemplated in the Settlement Agreement is not entered, or the Settlement Agreement is terminated pursuant to its terms, then the following shall apply, except in proceedings to enforce the Settlement: (a) all orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding; (b) all of the parties' pre-Settlement claims and defenses will be preserved; (c) nothing contained in this Order may be construed as an admission or concession by FedEx or Plaintiffs on any point of fact or law; (d) neither the Settlement terms nor any publicly-disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence; and (e) neither the fact of nor any documents

relating to withdrawal from the Settlement, any decision of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

3. **Settlement Class Claims.**  The Settlement Class claims are breach of contract claims against Federal Express Corporation and claims under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c), against both Defendants.

4. **Settlement Class Representatives.**  For purposes of settlement only, the Court preliminarily certifies Plaintiffs Gokare and Goldstein as class representatives.

5. **Settlement Class Counsel.**  For purposes of settlement only, the Court preliminarily appoints the following firms as Settlement Class Counsel:  Bondurant, Mixson & Elmore, LLP; Watson Burns, PLLC; and Kunnatha Law Firm, PC.

6. **Notice.**

   A. The Court approves the form and substance of the Notice of Proposed Class Action Settlement and Release of Claims attached to the Settlement Agreement as Exhibit 1.

   B. The Court directs FedEx to send the Notice of Proposed Class Action Settlement and Release of Claims, in the form attached to the Settlement Agreement as Exhibit 1 or a form that is not materially different (the "Notice"), to the Settlement Class Members as follows:

   1. FedEx will use its Shipping Data for the Class Period to identify the Settlement Class Members and will use its business records to identify the last known addresses of the Settlement Class Members.

   2. Within sixty (60) days of the date of entry of this Order (the "Notice Date"), FedEx will send the Notice, via first-class United States mail or its equivalent, to Settlement Class Members at their last known addresses as reflected in FedEx's business records.

1113189.1

3. In the event that a Notice is returned as undelivered with a forwarding address, FedEx shall within three (3) business days re-mail the Notice to the forwarding address. In the event that a Notice is returned undelivered without a forwarding address, FedEx will attempt one trace and, if the trace establishes an alternate address, will mail the Notice to the alternate address. FedEx shall not be obligated to undertake additional traces or mailing efforts.

4. Within sixty (60) days of this Order, FedEx will post this Order, the Settlement Agreement, the Notice, a sample Proof of Claim Form and instructions for submitting a Proof of Claim Form on a website set up for the Settlement from the Notice Date through the Opt Out Deadline.

5. At or before the Final Approval Hearing, FedEx will file with the Court proof that it has complied with the requirements of Paragraph 6(B)(1)-(4) above.

C. The Court finds that the form of the Notice and the method of dissemination of the Notice set forth above: (1) meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; (2) constitute the best notice practicable under the circumstances; (3) provide individual notice to all Settlement Class Members who can be identified through reasonable effort; (4) provide a clear and concise statement, in easily understood language, of the following: (i) the nature of the action, (ii) the definition of the Settlement Class certified, the Settlement Class claims and issues and FedEx's defenses to those claims, (iv) that the Court will exclude from the Settlement Class any member who requests exclusion in accordance with the terms of this Order and the Settlement, (v) the time and manner for requesting exclusion, (vi) the time and manner for objecting to the Settlement, and (vii) the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(e)(3); and (5) are reasonably calculated

under the circumstances to apprise Settlement Class Members of the pendency of this action and their rights to remain in the Settlement Class and to make a claim.

      D.      FedEx will give notice to the appropriate state and federal authorities within ten (10) days of this Order, as required by the Class Action Fairness Act of 2005 (codified as amended in sections of 28 U.S.C. § 1715).

**7.**      **Proof of Claim Form.**

      A.      The Court approves the form and substance of the Proof of Claim Form attached to the Settlement Agreement as Exhibit 2.

      B.      The Court directs FedEx to send Settlement Class Members the Proof of Claim Form in the form attached to the Settlement Agreement as Exhibit 2 (the "Claim Form") along with a pre-addressed, postage prepaid envelope ("Return Envelope") that can be used to return the Claim Form.  The Court directs FedEx to send the Claim Form and Return Envelope to Settlement Class Members in the same mailing(s) and the same manner as FedEx sends the Notice.  FedEx shall also make the Proof of Claim Form available on-line, and Settlement Class Members will be able to submit their claims electronically through that site.

      C.      If the Settlement Agreement requires a Settlement Class Member to submit a Claim Form to obtain proceeds of the Settlement, the Settlement Class Member must submit the Claim Form to the Claims Administrator, at an address or website specified by the Claims Administrator, postmarked or electronically date-stamped on or before December 9, 2013 (the "Claim Form Deadline").  Claim Forms that are postmarked after the Claim Form Deadline shall be untimely and invalid and shall not entitle a Settlement Class Member to obtain those proceeds of the Settlement that require the submission of a timely Claim Form.

**8.**     **Opt Outs.**  Any Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the requirements of Paragraph 7 of the Notice, including the requirement that the Settlement Class Member submit to the Claims Administrator a request for exclusion that is in the form required by the Notice, the "Opt Out Form," and that is postmarked no later than November 15, 2013 (the "Opt Out Deadline).  The Claims Administrator shall forward copies of any Opt Out Forms it receives to FedEx's counsel and Settlement Class Counsel within three (3) business days of receipt.  Any Settlement Class Member who complies with the requirements of Paragraph 7 of the Notice and who timely requests exclusion from the Settlement Class shall not be bound by any orders or judgment entered in this action and shall not be entitled to receive any benefits provided by the Settlement.

**9.**     **Binding Effect.**  Any Settlement Class Member who does not timely request exclusion from the Settlement Class in accordance with Paragraph 7 of the Notice shall be bound by all proceedings, orders, and judgments in this action and by the Release set forth in Paragraph 5(B) of the Settlement Agreement.

**10.**     **Objections.**

A.     In accordance with Paragraph 8 of the Notice:  (i) any Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must both file a written objection with the Court on or before November 15, 2013 (the "Objection Deadline") and send that written objection postmarked on or before the Objection Deadline to FedEx's Counsel via Justin Ross, 3620 Hacks Cross Rd., Building B, 3rd Floor, Memphis, TN 38125, and to Class Counsel via Steven Rosenwasser, Bondurant, Mixson & Elmore, LLP, 3900 One Atlantic Center, 1201 West Peachtree Street, N.W., Atlanta, Georgia  30309-3417; (ii) to be considered

by the Court, an objection must state each objection the Settlement Class Member is raising and the specific legal and factual bases for each objection; (iii) all evidence and legal support a Settlement Class Member wishes to use to support an objection must be filed with the Court and sent to the parties by the Objection Deadline; (iv) an objection will be barred if the requirements set forth in Paragraph 8 of the Notice are not followed; and (v) Plaintiffs and FedEx may file responses to any objections that are submitted.

B.   Any Settlement Class Member who timely files and serves an objection in accordance with Paragraph 8 of the Notice may appear at the Final Approval Hearing, either in person or through an attorney, if the Settlement Class Member files a Notice of Intention to Appear with the Clerk of Court no later than twenty (20) days before the Final Approval Hearing.  In accordance with Paragraphs 8 and 9 of the Notice, a Settlement Class Member who wishes to appear at the Final Approval Hearing must also send a copy of the Notice of Intention to Appear postmarked (20) days before the Final Approval Hearing to FedEx's Counsel via Justin Ross, 3620 Hacks Cross Rd., Building B, 3rd Floor, Memphis, TN 38125, and to Class Counsel via Steven Rosenwasser, Bondurant, Mixson & Elmore, LLP, 3900 One Atlantic Center, 1201 West Peachtree Street, N.W., Atlanta, Georgia  30309-3417.  Failure to adhere to the requirements of Paragraphs 8 and 9 of the Notice will bar a Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney.

**11.**   **<u>Stay of Proceedings</u>.**  All proceedings in this Action other than proceedings relating to the Settlement are hereby stayed until further order of the Court.  Until the Court enters an Order that determines whether final approval will be granted to the Settlement (or until the Settlement Agreement is terminated), Plaintiffs, all persons in the Settlement Class, and all persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly,

representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

11. **Request for Attorneys' Fees, Expenses, and Incentive Awards.**  Settlement Class Counsel may file a request for an award of attorneys' fees, expenses, and/or incentive awards as described in the Settlement Agreement no later than thirty (30) days prior to the Final Approval Hearing.  Any response or objection to such a request shall be filed no later than ten (10) days prior to the Final Approval Hearing.

12. **Motion for Final Approval of Settlement.**  Plaintiffs shall file a Motion for Final Approval of the Settlement no later than thirty (30) days prior to the Final Approval Hearing.

13. **Final Approval Hearing.**  The Court shall hold a Final Approval Hearing on November 22, 2013, at 10:00 a.m., 167 N. Main Street, Memphis, TN 38103, (a) to make a final determination as to whether the Settlement is fair, reasonable, and adequate and should be approved; (b) to decide whether to issue a final judgment in this action; (c) to consider Settlement Class Counsel's request for an award of attorneys' fees, expenses, and/or incentive awards; and (d) for such other purposes as the Court deems appropriate.  The Court reserves the right to adjourn or to continue the Final Approval Hearing without further notice other than announcement at the Final Approval Hearing and to approve the Settlement with modifications, if any, consented to by Settlement Class Counsel and FedEx without further notice.

DATED this 1st day of August, 2013.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge

1113189.1

10